In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 16-1546

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DEANDRE ENOCH,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15-CR-66 — **Matthew F. Kennelly**, *Judge.*

———————————

ARGUED NOVEMBER 10, 2016 — DECIDED JULY 28, 2017

———————————

Before RIPPLE, MANION, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* The government charged Deandre
Enoch with robbing a person having custody of property be-
longing to the United States, under 18 U.S.C. § 2114(a) and
brandishing a firearm in relation to a crime of violence, un-
der 18 U.S.C. § 924(c)(1)(A)(ii)[1]. He pleaded guilty to both

---

[1] The Judgment states that Enoch pleaded guilty to "18 U.S.C.
§ 924(c)(1)(A)(iii) Brandishing a Firearm During and in Relation to a

counts but reserved his right to file an appeal disputing the district court's ruling that the former offense qualified as a crime of violence, thus rendering his brandishing a gun in connection with that offense a separate crime punishable under 18 U.S.C. §924(c). Moreover, § 924(c)(1)(D)(ii) of that same statute requires that a court impose a consecutive sentence upon a defendant who carries a firearm in relation to a crime of violence. Consequently, Enoch's sentence increased significantly because the court considered the conviction under § 2114(a) to be a crime of violence which mandated the imposition of the consecutive sentence. Enoch now disputes that this underlying crime was a crime of violence. The district court concluded that it was, and sentenced Enoch to 24 months on Count 1 and a consecutive 84 months on Count 2. Enoch appeals, and we affirm.

## I.

The indictment charged Enoch with (1) robbery of a person having lawful custody of money of the United States, and, in effecting the robbery, putting the life of that person in jeopardy by the use of a dangerous weapon, in violation of 18 U.S.C. § 2114(a); (2) brandishing a firearm during and in relation to a crime of violence, namely the robbery charged in Count I, in violation of 18 U.S.C. § 924(c)(1)(A).[2]

---

Crime of Violence." The reference to subsection (iii) appears to be an error, as the brandishing subsection is § 924(c)(1)(A)(ii). Subsection (iii) addresses penalties when a firearm has been discharged and there were no such allegations in this case.

[2] The indictment also charged Enoch with possessing a firearm that had travelled in interstate commerce, after previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g). Enoch did not plead guilty

Under 924(c)(1)(D), a court must impose a consecutive sentence on those who are convicted under §924(c)(1)(A), that is:

> any person who, during and in relation to any crime of violence … uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm … .

18 U.S.C. § 924(c)(1)(A).

In other words, the robbery of government property, (18 U.S.C. § 2114(a)) was the underlying or anchor crime which, when accompanied by the brandishing of the firearm, constituted a separate offense under § 924(c) and required the court to sentence Enoch to consecutive sentences.

The only question in this case, therefore, is whether the underlying crime in 18 U.S.C. § 2114(a)—robbing another of government property—is a crime of violence such that it triggered the imposition of § 924(c). Section 924(c)(3) of the statute defines a crime of violence as follows:

> **(3)** For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> > **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

---

to this charge and it was not included in the judgment of conviction. (R. 13, 59).

> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

We can quickly dismiss the possibility that robbing another of government property (18 U.S.C. § 2114(a)) constitutes a crime of violence under part B above, often referred to as the "residual clause." This court recently held, following *U.S. v. Johnson*, 135 S. Ct. 2551 (2015), and its analysis of a similar residual clause under the Armed Career Criminal Act, that this portion of the statute is unconstitutionally vague. *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).

That leaves us to focus solely on whether the underlying crime of robbing another of government property "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). For this we turn a magnifying glass back on that statute describing that predicate crime of robbery of government property:

> **(a) Assault.**—A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of

> the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

18 U.S.C. § 2114(a).

If this robbery of government property offense constitutes a violent felony under 18 U.S.C. § 924(c)(3)(A), then the court properly denied Enoch's motion to dismiss Count 2, and correctly sentenced Enoch consecutively. If not, the district court erred. We review the district court's interpretation of § 924(c) *de novo*. *Cardena*, 842 F.3d at 1000.

In order to avoid a host of practical, fairness, and constitutional issues, the Supreme Court has determined that a sentencing court must not commit mini-trials to determine whether the conduct committed in an underlying or anchor crime was actually violent or not. *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1690 (2013) ("The categorical approach serves 'practical' purposes: It promotes judicial and administrative efficiency by precluding the relitigation of past convictions in minitrials conducted long after the fact."); *Chambers v. United States*, 555 U.S. 122, 125 (2009) ("by so construing the statute, one avoids the practical difficulty of trying to ascertain at sentencing, perhaps from a paper record mentioning only a guilty plea, whether the present defendant's prior crime, as committed on a particular occasion, did or did not involve violent behavior.").

Instead, a court must use a categorical approach and look only to the statutory elements of the prior offense, and not to the particular facts underlying those convictions. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Taylor v. United States*, 495 U.S. 575, 600 (1990). In doing so, the court assesses the elements of the underlying crime to see if they meet the definition of a "violent felony." *Mathis*, 136 S. Ct. at 2248. If the statute outlining the underlying offense sweeps more broadly than the generic crime described in the sentencing enhancement, a conviction of the underlying statute cannot count as a predicate offense. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013).

When the predicate statute "sets out a single (or "indivisible") set of elements to define a single crime," the categorical approach is straight forward. *Mathis*, 136 S. Ct. at 2248. In some statutes however, like § 2114(a) here, the statute is divisible, that is, it contains within it crimes with different elements. For example, in this case the statute contains alternative elements of the crime—a defendant can commit the crime of robbery of government property, with or without wounding the victim and putting her life in jeopardy. If the defendant wounds or puts the victims life in jeopardy, the sentence increases from "not more than ten years" to "not more than twenty-five years." 18 U.S.C. § 2114(a). If statutory alternatives in a criminal statute carry different punishments, then they must be elements of different crimes. *Mathis*, 136 S. Ct. at 2256 (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). And so, "[t]he first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means." *Id.* And if the statute with alternatively phrased options contains elements of different crimes, then the court

may and should "review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction." *Id.* In this case, the statute contains different elements and different punishments and therefore is divisible. The portion of the statute before the semi-colon on pages 4-5, supra, constitutes a different crime than the part of the statute after the semi-colon. The modified categorical approach, therefore, dictates that the court should look to record materials to determine which of the two alternatives played a part in Enoch's conviction under § 2114(a).

A court's review of the record materials is not unlimited, but to the contrary, quite conscribed. This limited review, called "the modified categorical approach," allows a court to look beyond the statutory definition to a limited number of documents to determine to which crime, with which elements, the defendant was convicted. *Johnson v. United States*, 559 U.S. 133, 144 (2010); *Mathis*, 136 S. Ct. at 2249. The Supreme Court has instructed that a sentencing court may examine: "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 16 (2005). On the other hand, a "court may not consider police reports, complaint applications, or other sources that do not reflect either the defendant's own admissions or the findings of a judge or jury. *United States v. Ker Yang*, 799 F.3d 750, 753 n.2 (7th Cir. 2015). The permissible documents are sometimes referred to as "*Shephard* documents."

In this case, the indictment to which Enoch pled guilty charged him with

> robb[ing] a person having lawful charge, con-
> trol, and custody of money of the United
> States, namely, approximately $850 in United
> States currency, and in effecting such robbery
> did put the life of said person in jeopardy by
> use of a dangerous weapon; In violation of Ti-
> tle 18, United States Code, Sections 2114(a) and
> 2.

(R. 13 at 1).

Thus, even the briefest peek at the *Shephard*-approved in-
dictment indicates that the government charged Enoch, and
Enoch pleaded guilty to, the second part of the statute.

The parties spend much time arguing about whether the
description of "robbery" or "assault" in the first section of
§ 2114(a) (the ten-year maximum sentence portion where a
defendant does not wound or put the life of the victim in
jeopardy) constitutes a crime of violence pursuant to
§ 924(c)(3). We need not resolve that matter today. Section
2114(a) is a divisible statute with two distinct parts with sep-
arate elements and sentences. We conclude below that the
second part of the statute constitutes a crime of violence. Be-
cause it is clear that Enoch was charged with and pleaded
guilty to that portion of the statute, we need not consider
whether the other alternative scenario set forth in the first
portion of the statute constitutes a crime of violence. My es-
teemed colleague would prefer to resolve the matter today
by declaring that *all* robbery "as it has been used across fed-
eral statutes and specifically as it is used in § 2114(a), quali-
fies as a crime of violence sufficient to serve as a predicate
for a §924(c) conviction." Post at 13. Because we know that
Enoch was convicted under the second part of a divisible

statute, which clearly, as we now conclude, involves a crime of violence, we believe it inadvisable to opine as to the term "robbery" across all federal statutes or even in all instances under § 2114(a), including under the first part of the divisible statute. Our task is to rule narrowly on the case before us today and not to render a broad opinion as to the application of the term "crime of violence" to all federal statutes or even to all robberies within this divisible statute. *See Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 926 (7th Cir. 2013) ("federal courts are prohibited from rendering advisory opinions; they cannot divine on 'abstract dispute[s] about the law;'" *United States v. Gilmore*, 454 F.3d 725, 731 (7th Cir. 2006) (Rovner, J. concurring) ("Under ordinary principles of the adversary system, we do not reach out to decide questions not before us.") (*citing Bethea v. Robert J. Adams & Assoc.*, 352 F.3d 1125, 1130–31 (7th Cir. 2003) (Cudahy, J., concurring in part and dissenting in part)). This is particularly true when the crime of assault in the first part of the statute (which is still part of § 2114(a)) can be committed without any physical contact at all, and therefore presents much more challenging legal questions about whether it may or may not qualify as a crime of violence for these purposes. *See, e.g. United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (noting, while assessing a similar federal statute, that assault is the prototypical overbroad crime in determinations of crimes of violence).

There can be no doubt that wounding a victim or putting the life of a victim in jeopardy is a violent crime. In *Johnson*, the Supreme Court interpreted the meaning of "physical force" as used in a different, but virtually indistinguishable

section of 18 U.S.C. § 924.[3] *Johnson*, 559 U.S. at 138–40. In *Johnson*, the Supreme Court held that "physical force" is "force capable of causing physical pain or injury to another person." *Id.* at 140. We conclude, as did the district court, that force capable of wounding another or putting the life of another in jeopardy is a force that is capable of causing injury to another person and therefore qualifies as a crime of violence.

Enoch argues that our decision in *Rodriguez* allows for a definition of robbery that can be effected with minimal force and without inflicting any pain or injury on the victim and without even threatening or attempting to inflict pain on the victim. *See* Brief of Appellants at 15 (citing *United States v. Rodriguez*, 925 F.2d 1049, 1052 (7th Cir. 1991)). In *Rodriguez*, the defendant grabbed a key chain attached to a postal carrier's belt by a leather loop, and broke the loop, making off with the keys. *Id.* at 1051. The court held that this amount of force, although minimal, was sufficient to qualify the crime as robbery under the common law definition that requires "asportation of property from the person of another against his will by violence or putting him in fear." *Id.* at 1052 (citing *Costner v. United States*, 139 F.2d 429, 431 (4th Cir. 1943)). But again, we need not determine whether Enoch is correct that a defendant can commit robbery as described under the first portion of the statute without an "element of the use, attempted use or threatened use of physical force against the person or property of another," as required by § 924(c)(3)(A).

---

[3] We declared the language of the two relevant sections to be "virtually indistinguishable" in *Cardena*, 842 F.3d at 996.

Enoch, however, argues further that the second portion of the statute can be committed without the requisite force dictated by § 924(c)(3)(A). Broken down into its individual steps, Enoch's argument is essentially as follows: (1) The second portion of § 2114(a) describes a crime in which the defendant effects a robbery and while doing so "puts [the victim's] life in jeopardy by the use of a dangerous weapon." 18 U.S.C. § 2114(a). (2) This court, in *Rodriguez*, stated that a defendant can be convicted of the second part of § 2114(a) even if the gun is not drawn, as possession of a gun in and of itself puts the victim's "life in danger." *Rodriguez*, 925 F.2d at 1052–53. (3) Therefore, according to Enoch's arguments, a defendant robbing government property may put a victim's life in danger without fulfilling the requirement of § 924(c)(3)(A) which requires the "use, attempted use, or threatened use of physical force."

We agree with the district court, however, that "it is beyond question that a robbery that puts a person's life in jeopardy by the use of a dangerous weapon is a violent crime under the *Johnson* definition and section 924(a)." *United States v. Enoch*, No. 15 CR 66, 2015 WL 6407763, at *3 (N.D. Ill. Oct. 21, 2015). We are not alone in so thinking. *See In re Watt*, 829 F.3d 1287, 1290 (11th Cir. 2016) (if the jury finds that the victim's "life was put in jeopardy," this satisfies the elements clause that the underlying felony offense have "as an element, the use, attempted use, or threatened use of physical force against the person or property of another"). Moreover, Enoch pleaded guilty to § 924(c)(1)(A)(ii)— brandishing a gun during commission of the crime[4]. We

---

[4] *See* note 1, supra.

cannot see how a defendant can brandish a gun in such a manner as to put the life of a victim in jeopardy without committing an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

We conclude, therefore, that the second part of 18 U.S.C. § 2114(a) constitutes a crime of violence as described in 18 U.S.C. § 924(c) and, by the terms of that statute the district court properly concluded that the charge could not be dismissed and appropriately sentenced Enoch to consecutive sentences. The decision of the district court is AFFIRMED.

RIPPLE, *Circuit Judge*, concurring. My colleagues have given, in the majority opinion, a solid analysis of the problem before us, and I have no objection to that analysis. I write separately because, in my view, there is a less complex, but equally valid, approach to the same result. I join my colleagues in the conclusion that Mr. Enoch's conviction for brandishing a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), must be affirmed.

Mr. Enoch's conviction for robbery of a person having custody of property belonging to the United States, 18 U.S.C. § 2114(a), qualifies as a crime of violence under *Johnson v. United States* ("*Johnson I*"), 559 U.S. 133 (2010), and circuit law. The majority concludes that the aggravated § 2114(a) offense, to which Mr. Enoch pleaded guilty, that required that he put a victim's "life in jeopardy by the use of a dangerous weapon," is plainly a crime of violence. I write separately because I conclude that a "robbery," as it has been used across federal statutes, and specifically as it is used in § 2114(a), qualifies as a crime of violence sufficient to serve as a predicate for a § 924(c) conviction because it "has as an element of the use, attempted use or threatened use of physical force against the person or property of another," 18 U.S.C. § 924(c)(3)(A).

In *Johnson I*, the Supreme Court held that a Florida battery conviction, which could be based as a matter of state law on "*any* intentional physical contact, no matter how slight," 559 U.S. at 138 (emphasis in original) (internal quotation marks omitted), did not qualify as a crime of violence because "'physical force'" as used in the federal statute "means *violent* force," not merely unconsented-to contact, *id.* at 140 (emphasis in original). Nevertheless, as we already have noted, the

threshold that the Court drew in *Johnson I* "is not a high one." *United States v. Duncan*, 833 F.3d 751, 754 (7th Cir. 2016).

In the time since *Johnson v. United States* ("*Johnson II*"), 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act ("ACCA") unconstitutional), was decided, we have had many occasions to consider whether specific offenses suffice as crimes of violence under the force clause. We have considered several specific robbery offenses, both federal and state, and, to date, we have found them all to contain an element of force sufficient to support a § 924 conviction or enhancement. *See, e.g.*, *United States v. Armour*, 840 F.3d 904, 907–09 (7th Cir. 2016) (federal armed bank robbery under § 2113 is a crime of violence); *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) (Hobbs Act robbery, which can be committed by putting a person in fear, is a crime of violence); *see also United States v. Chagoya-Morales*, No. 16-1198, 2017 WL 2486022, at *8–9 (7th Cir. June 9, 2017) (Illinois aggravated robbery, like robbery, is a crime of violence under the force clause); *Duncan*, 833 F.3d at 755 (Indiana robbery, which can be accomplished by putting a victim "in fear" is a crime of violence under the force clause); *United States v. Maxwell*, 823 F.3d 1057, 1060–62 (7th Cir. 2016) (Minnesota simple robbery is a crime of violence under the force clause). We have reversed convictions or enhancements where we have found that the crime can be committed with essentially no force. *See United States v. Jenkins*, 849 F.3d 390, 393–94 (7th Cir. 2017) (federal kidnapping, which can be accomplished by "hold[ing] for ransom or reward or otherwise," is not a crime of violence); *United States v. Rollins*, 836 F.3d 737, 742 (7th Cir.

2016) (possession of a sawed-off shotgun is not a crime of violence under the force clause).[1]

Robbery under § 2114(a), like robbery under each of the other federal statutes considered above, "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." As the above cited cases demonstrate, we have concluded without difficulty that robbery offenses, whether committed by actual physical force or intimidation, exceed the minimum force necessary to satisfy the federal statutes. First, as we stated in *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016), considering whether bank robbery by intimidation under § 2113 was a crime of violence, "[a] bank employee can reasonably believe that a robber's demands for money to which he is not entitled will be met with violent force of the type satisfying [*Johnson I*] because bank robbery under § 2113(a) inherently contains a threat of violent physical force." The same can be said here. The threat of force sufficient to meet the threshold of pain established by the Supreme Court is inherent in robbery of a person having custody of the mail or other federal property to the same extent as it is in bank robbery. The snatching of or

---

[1] The decision of the Fourth Circuit, evaluating a North Carolina robbery offense, does not assist us, in that the specifics of the state's interpretation of its own statute put it squarely within the prohibitions of *Johnson I*. *See United States v. Gardner*, 823 F.3d 793, 803–04 (4th Cir. 2016). In *Gardner*, the court held that the North Carolina offense could be committed with de mininis contact, and therefore was indistinguishable from the predicate offense the Court had considered in *Johnson I*. *See also*, *e.g.*, *United States v. Bell*, 840 F.3d 963, 966–67 (8th Cir. 2016) (holding that Missouri robbery did not qualify as a crime of violence under the force clause because Missouri cases had approved of convictions where the defendant had merely "bumped" or "nudged" the victim).

demand for property as punished by federal criminal law carries with it an implicit threat of at least this level of violence. Nothing about the robbery offense under § 2114(a) distinguishes it in any meaningful way from the other robbery offenses, federal and state, that we have considered and found sufficient.

Moreover, contrary to Mr. Enoch's contentions, *United States v. Rodriguez*, 925 F.2d 1049 (7th Cir. 1991), confirms this result. In that case we considered an offense committed by ripping off a set of post office box keys that were attached to the victim postal worker's belt loop. We noted that "[c]ourts have upheld robbery convictions when the item taken is 'so attached to the person or his clothes as to require some force to effect its removal.'" *Id.* at 1052 (citing 2 W. LaFave & A. Scott, Jr., *Substantive Criminal Law* § 8.11(d)(1) at 446 (1986)). Although we used the term "rather minimal" in connection to the level of force used, it is plainly above the touching-without-consent disapproved of by the Court in *Johnson I*. *Rodriguez* does not establish that § 2114(a) is somehow a special offense requiring a lower level of force than other federal robbery offenses; it merely held, consistent with existing precedent, that the low level of force required for robbery was satisfied by the ripping away of the keys.[2]

---

[2] The current edition of *Substantive Criminal Law* continues in the same vein, distinguishing *robbery* from *larceny* by the addition of violence or intimidation, and defining *violence* in a manner similar to that envisioned in *Johnson I*:

> The great weight of authority … supports the view that there is not sufficient force to constitute robbery when the

Accordingly, I would hold that robbery under § 2114(a), like many other robbery offenses we have considered, qualifies as a crime of violence.

---

thief snatches property from the owner's grasp so suddenly that the owner cannot offer any resistance to the taking. On the other hand, when the owner, aware of an impending snatching, resists it, or when, the thief's first attempt being ineffective to separate the owner from his property, a struggle for the property is necessary before the thief can get possession thereof, there is enough force to make the taking robbery. Taking the owner's property by stealthily picking his pocket is not taking by force and so is not robbery; but if the pickpocket or his confederate jostles the owner, or if the owner, catching the pickpocket in the act, struggles unsuccessfully to keep possession, the pickpocket's crime becomes robbery. To remove an article of value, attached to the owner's person or clothing, by a sudden snatching or by stealth is not robbery unless the article in question (e.g., an earring, pin or watch) is so attached to the person or his clothes as to require some force to effect its removal.

3 Wayne R. LaFave, *Substantive Criminal Law* § 20.3(d)(1) at 181–83 (2003) (footnotes omitted).