RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0217p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

MICHAEL L. KNIGHT,

*Petitioner-Appellant*,

*v.*

No. 17-6370

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

───────────────

Appeal from the United States District Court
for the Eastern District of Tennessee of Chattanooga.
Nos. 1:10-cr-00120-1; 1:14-cv-00132—Harry S. Mattice, Jr., District Judge.

Decided and Filed:  August 27, 2019

Before:  COOK, McKEAGUE, and WHITE, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:**  Paul D. Clement, Edmund G. LaCour Jr., Kasdin M. Mitchell, Megan M. Wold, KIRKLAND & ELLIS LLP, Washington, D.C., for Appellant.  John P. Taddei, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., Debra A. Breneman, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

───────────────

## OPINION

───────────────

HELENE N. WHITE, Circuit Judge.  Petitioner-Appellant Michael L. Knight appeals the district court's denial of his motion to amend his 28 U.S.C. § 2255 petition to challenge his convictions under 18 U.S.C. § 924(c) (use of a firearm during and in relation to a "crime of violence") in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson II*").  While Knight's appeal was pending, the Supreme Court held that the residual clause of the definition of

"crime of violence" in § 924(c)(3)(B) is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

The government concedes that under *Davis* kidnapping in violation of 18 U.S.C. § 1201(a) is not a "crime of violence" and thus Knight's conviction under § 924(c) for using a firearm during and in relation to kidnapping must be vacated. The government maintains, however, that Knight's conviction under § 924(c) for using a firearm during assault and robbery in violation of 18 U.S.C. § 2114(a) should be affirmed because that offense qualifies under the "elements clause" of the definition of a "crime of violence" in § 924(c)(3)(A). We agree. Accordingly, we VACATE Knight's § 924(c) conviction for using a firearm during a kidnapping, AFFIRM Knight's § 924(c) conviction for using a firearm during an assault and robbery of a postal employee, and REMAND for proceedings consistent with this opinion.

**I.**

A superseding indictment charged Knight with ten counts: (1) and (2) two counts of bank fraud in violation of 18 U.S.C. § 1344; (3) assault and robbery of a person having control of mail matter or government property in violation of 18 U.S.C. § 2114(a); (4) possession of stolen property in violation of 18 U.S.C. § 2114(b); (5) use of a firearm during assault and robbery in violation of 18 U.S.C. § 924(c); (6) kidnapping in violation of 18 U.S.C. § 1201(a); (7) use of a firearm during kidnapping in violation of 18 U.S.C. § 924(c); (8) carjacking in violation of 18 U.S.C. § 2119; (9) use of a firearm during carjacking in violation of 18 U.S.C. § 924(c); and (10) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). Knight pled guilty to one count of bank fraud and, at the conclusion of his trial, a jury found him guilty on all other counts. The district court sentenced Knight to a total term of 955 months of imprisonment.

After exhausting his direct appeals, Knight filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Knight later moved to amend his petition to assert claims that his convictions under § 924(c) are invalid because the residual clause of the crime-of-violence definition in § 924(c)(3)(B) is unconstitutionally vague in light of *Johnson II*. Observing that this court held in *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) that the residual clause of § 924(c)(3)(B) is not unconstitutionally vague, the district court denied

Knight's § 2255 petition as well as his request to amend the petition. Knight appealed, and this court granted Knight's application for a certificate of appealability regarding his motion to amend to add the *Johnson II* claims.

While this appeal was pending, the Supreme Court held in *Davis* that the residual clause of the definition of crime of violence in § 924(c)(3)(B) is unconstitutionally vague. 139 S.Ct. at 2336. The government concedes that Knight's kidnapping conviction under 18 U.S.C. § 1201(a) is not a crime of violence. We therefore vacate the related § 924(c) conviction.

## II.

The government maintains that Knight's conviction for assault and robbery of a postal employee under 18 U.S.C. § 2114(a) is a crime of violence under the elements clause of § 924(c)(3)(A). We agree.

"In reviewing a district court's denial of a motion under Section 2255, we apply a clearly erroneous standard to its factual findings and review its conclusions of law de novo." *Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir. 2000). "Whether a crime constitutes a 'crime of violence' under 18 U.S.C. § 924(c) is a legal question that we review de novo." *United States v. Jackson*, 918 F.3d 467, 484 (6th Cir. 2019).

"We use a 'categorical approach' to determine whether an offense constitutes a 'crime of violence' for purposes of § 924(c)(3)." *United States v. Rafidi*, 829 F.3d 437, 444 (6th Cir. 2016). The categorical approach "focuses on the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *United States v. Denson*, 728 F.3d 603, 607 (6th Cir. 2013). When a statute is divisible—i.e. it comprises multiple versions of the crime with alternative elements—we use the modified categorical approach. *See Rafidi*, 829 F.3d at 444. If the statute of conviction is divisible, "we review a narrow category of documents to determine which portion the defendant violated." *United States v. Gooch*, 850 F.3d 285, 290–91 (6th Cir. 2017) (considering indictment and jury instructions to determine statutory alternative that was defendant's conviction offense).

Knight was convicted of assault and robbery in violation of 18 U.S.C. § 2114(a), which provides that:

> **(a) Assault.**--A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

18 U.S.C. § 2114.

We first consider whether the statute is divisible. The parties do not appear to dispute that the statute is divisible, and we conclude that the statute sets out a separate aggravated offense. The aggravated offense carries both an additional element—"wound[ing]" the victim or putting the victim's "life in jeopardy by the use of a dangerous weapon"—and an increased maximum punishment of twenty-five years' imprisonment. *See Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016) ("[I]f statutory alternatives carry different punishments, then . . . they must be elements.").[1]

Both parties seem to recognize that Knight was convicted of the aggravated offense. The documents we may consider to determine Knight's offense confirm that conclusion. The superseding indictment charges Knight with "rob[bing] and assault[ing] with the intent to rob, steal and purloin from [the postal employee], a person having lawful charge, custody and control of United States mail matter, money and other property of the United States, and in doing so . . . *put*[*ting*] *the life of the* [*postal employee*] *in jeopardy by the use of a dangerous weapon* . . . ." (R. 17, PID 53 (emphasis added).) The jury was also instructed that in order to convict Knight of the offense, it had to find beyond a reasonable doubt that "in committing [the]

---

[1]The statute alternatively provides for an enhanced penalty if the defendant has a prior conviction under 18 U.S.C. § 2114(a).

assault and robbery, [Knight] put the life of [the postal employee] in jeopardy by use of a dangerous weapon." (R. 52, PID 393.)**[2]**

Because Knight was convicted of the aggravated offense under 18 U.S.C. § 2114(a), we next consider whether that offense is a crime of violence under the elements clause of the definition of crime of violence in § 924(c)(3)(A). A crime of violence includes "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). "[P]hysical force" means "force capable of causing physical pain or injury." *Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*"); *see Rafidi*, 829 F.3d at 445 (applying *Johnson I* definition of "physical force" to definition of "crime of violence" in § 924(c)(3)(A)).

Here, Knight's conviction for aggravated assault and robbery required at least the threatened use of physical force. The requirement that the defendant must assault with the intent to rob, rob, or attempt to rob and in the process "wound the person . . . or put[] his life in jeopardy by the use of a dangerous weapon" necessarily requires the use, attempted use, or threatened use of physical force as defined in *Johnson I*. Our precedent explains that the use of a deadly weapon in the commission of an offense that requires some use of force can transform that force into the necessary violent physical force. In *United States v. Rede-Mendez*, the court addressed when a crime committed with a deadly weapon is a crime of violence under the United States Sentencing Guidelines. 680 F.3d 552 (6th Cir. 2012). The court reasoned that a deadly weapon "does not necessarily supply the threat [of physical force] if it is not already present in the underlying crime." *Id.* at 558. Therefore, "the underlying crime must already have as an element some degree of, or the threat of, physical force in the more general sense (such as 'the least touching')." *Id.*

*Rafidi* and *Verwiebe* applied this analysis to determine whether offenses qualified as crimes of violence under the elements clause of § 924(c)(3)(A). In *United States v. Verwiebe*, the court held that the crime of "[a]ssault with a dangerous weapon, with intent to do bodily

---

**[2]**Although it appears that the district court's instructions may have made the government's burden heavier than it actually is, neither party challenges the wording of the instructions, and we express no opinion on their accuracy.

harm" under 18 U.S.C. § 113(a)(3) is a crime of violence, reasoning that because assault "already includes some use or threat of physical force," "the use of a dangerous weapon transforms that force into the type of violent force necessary to constitute a crime of violence." 874 F.3d 258, 261 (6th Cir. 2017). In *Rafidi*, the court determined that "forcibly assault[ing]" a federal officer and in the process "us[ing] a deadly or dangerous weapon . . . or inflict[ing] bodily injury" under 18 U.S.C. § 111(b) is a crime of violence. 829 F.3d at 446. The court held that although "forcibl[e] assault" by itself may not involve violent physical force, the use of the deadly weapon transformed the more general force into the necessary violent force. *Id.*

Both assault and robbery require at least some force or threatened use of force, and the use of a dangerous weapon to put the victim's life in jeopardy transforms the force into violent physical force. An assault is "(1) willfully attempting to inflict injury on another person or (2) threatening to inflict injury on another person, causing a reasonable apprehension of immediate bodily harm." *Verwiebe*, 874 F.3d at 261 (noting that where a statute does not define assault, the court "give[s] the term its established common law meaning"). The common-law crime of robbery has "long required force or violence." *Stokeling v. United States*, 139 S. Ct. 544, 550 (2019). The offense's requirement that the defendant use a dangerous weapon to put the victim's life in jeopardy ensures that at least the threat of physical force is present. The jury was instructed that "[t]o 'put in jeopardy' the life of another person 'by the use of a dangerous weapon' means . . . to expose a person to a risk of death by using a dangerous weapon or device that is capable of inflicting death or severe bodily harm." (R. 52, PID 394.)

Notably, two other circuits have held that the aggravated puts-the-victim's-life-in-jeopardy-by-the-use-of-a-dangerous-weapon offense of § 2114(a) is a crime of violence. The Seventh Circuit in *United States v. Enoch* held that the aggravated offense of 18 U.S.C. § 2114(a) requires the necessary violent physical force. 865 F.3d 575, 581 (7th Cir. 2017). *Enoch* explained that "force capable of wounding another or putting the life of another in jeopardy is a force that is capable of causing injury and therefore qualifies as a crime of violence." *Id.* The Eleventh Circuit in *In re Watt* also came to the same conclusion, holding that because a jury had to find that the defendant "assault[ed] the victim and that her life was put in

jeopardy," the offense met the elements clause. 829 F.3d 1287, 1290 (11th Cir. 2016) (internal quotation marks omitted).

Knight's arguments that aggravated assault and robbery is not a crime of violence are unavailing. Knight argues that assault does not require the necessary physical force because an assault can result from "mere 'offensive touching.'" (Reply at 8 (quoting *United States v. Delis*, 558 F.3d 177, 178 (2d Cir. 2009).) Knight also argues that "someone can 'rob' another without using violent force." (*Id.* at 9.) However, Knight ignores the additional element that the defendant put the postal employee's life in jeopardy by use of a dangerous weapon. *See United States v. Harris*, 853 F.3d 318, 321–22 (6th Cir. 2017) (rejecting argument that court should consider each element alone because the categorical approach "requires that the offense *overall* includes sufficient force" (emphasis in original)). As we have recognized, the use of a deadly weapon can transform less-than-violent-physical force into violent physical force. *See Rede-Mendez*, 680 F.3d at 558.

Relying on *United States v. Rodriguez*, 925 F.2d 1049 (7th Cir. 1991), Knight argues that even a concealed gun satisfies the element of use of a gun in § 2114(a), and therefore the statute does not require physical force. In *Rodriguez*, the defendant and a co-conspirator robbed a letter carrier. There was testimony that the co-conspirator was carrying a gun in his pocket during the robbery and took it out to threaten the letter carrier only after the robbery had already been accomplished. 925 F.2d at 1051–52. The court rejected the defendant's argument that there was insufficient evidence to convict him of aggravated assault and robbery, and concluded that the presence of the weapon put the letter carrier's life in jeopardy because "[t]he ready availability of the gun likely emboldened [the defendant and his fellow gang member], even if, at first the gun was not drawn." *Id.* at 1052–53.

In *Enoch*, the defendant made the same *Rodriguez*-based argument that Knight makes here. The *Enoch* court found it unpersuasive, concluding that "it is beyond question that robbery that puts a person's life in jeopardy by the use of a dangerous weapon is a violent crime." 865 F.3d at 582 (internal quotation marks omitted). Moreover, *Rodriguez*'s conclusion that mere possession suffices as "use of a dangerous weapon" to put the victim's life in danger under the

statute, even if accepted,[3] does not negate the statutory requirement that in effecting the crime, the victim's life is put in jeopardy by *use* of the gun. That requirement, combined with the threat of general force required by both assault and robbery, amounts to the use of violent physical force. *See Verwiebe*, 874 F.3d at 261; *Rafidi*, 829 F.3d at 446.

In sum, we conclude that the aggravated offense of 18 U.S.C. § 2114(a) is a crime of violence under the elements clause of the definition of "crime of violence" in § 924(c)(3)(A).

## III.

For the reasons stated, we VACATE Knight's conviction for use of a gun in relation to kidnapping (Count 7 of the superseding indictment), AFFIRM Knight's conviction for use of a gun in relation to assault and robbery (Count 5 of the superseding indictment), and REMAND for proceedings consistent with this opinion.

---

[3]This court previously interpreted "use of a dangerous weapon" in a similarly worded criminal statute to require more than possession. *See United States v. Perry*, 991 F.2d 304 (6th Cir. 1993). Evaluating the federal bank-robbery statute that required "put[ting] in jeopardy the life of any person by the use of a dangerous weapon or device," 18 U.S.C. § 2113(d), *Perry* determined that the word "'use' plainly connotes something more than 'possession'" and held that "'use of a dangerous weapon' does not include concealed possession of a toy gun." *See* 991 F.2d at 309.