*United States v. Minaya*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-one.

PRESENT:

> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                     No. 14-1891

OSCAR MINAYA,

> *Defendant-Appellant.*

_____

FOR APPELLANT:                 ANDREW M. ST. LAURENT, Harris, St.
                               Laurent & Wechsler LLP, New York, NY.

FOR APPELLEE:                  JACOB R. FIDDELMAN, Assistant United
                               States Attorney, *for* Audrey Strauss, United
                               States Attorney for the Southern District
                               of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (John F. Keenan, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 27, 2014, is **VACATED** in part and **AFFIRMED** in part and the case **REMANDED** for resentencing.

Oscar Minaya appeals from his judgment of conviction entered on May 27, 2014, in the United States District Court for the Southern District of New York. Following a jury trial in 2013, Minaya was convicted of twelve counts, including, as relevant here, four counts under 18 U.S.C. § 924(c)(1)(A)(ii) for using or carrying a firearm in furtherance of a "crime of violence" as defined in 18 U.S.C. § 924(c)(3). The district court sentenced Minaya to a 92-year term of imprisonment, to be followed by five years of supervised release, and ordered him to pay the standard special assessment of $1,200. In *United States v. Rodriguez*, 761 F. App'x 53 (2d Cir. 2019) (summary order), we affirmed the judgment.

In our affirmance, we rejected Minaya's argument that his § 924(c) conviction as charged in Count Three was invalid on his theory that conspiracy to commit a Hobbs Act robbery is not categorically a crime of violence. *Id.* at 63. Minaya petitioned for certiorari on that issue. In 2019, the Supreme Court granted the petition, vacated the judgment, and remanded the case for our further consideration of the Supreme Court's then-recent decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). *See Minaya v. United States*, 140 S. Ct. 463 (Nov. 4, 2019) (Mem).

On remand, we ordered the parties to submit supplemental briefing addressing the effect of *Davis* on this Court's prior decision that Hobbs Act conspiracy is categorically a crime of violence, *see Rodriguez*, 761 F. App'x at 63, and on the question whether kidnapping conspiracy in violation of 18 U.S.C. § 1201(c) is a crime of violence, for purposes of § 924(c)(3)(A). In this order resolving Minaya's current appeal, we assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, and refer to them only as necessary to explain our decision.

As framed by his indictment and explained by the verdict sheet, Minaya's four convictions under § 924(c)(1) rest on the following charged conduct:

(1) *Count Three*: using or carrying a firearm in furtherance of Count One, conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, and Count Two, conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c);

(2) *Count Six:* on or about December 21, 2010, using or carrying a firearm in furtherance of Count Four, Hobbs Act robbery in violation of 18 U.S.C. § 1951, and Count Five, kidnapping in violation of 18 U.S.C. § 1201(a);

(3) *Count Twelve*: on or about May 15, 2011, using or carrying a firearm in furtherance of Count Ten, Hobbs Act robbery in violation of 18 U.S.C. § 1951, and Count Eleven, kidnapping in violation of 18 U.S.C. § 1201(a); and

(4) *Count Fourteen*: on or about June 10, 2011, using or carrying a firearm in furtherance of Count Thirteen, Hobbs Act robbery in violation of 18 U.S.C. § 1951.

We address his challenges to each count of conviction in turn.

**I.      Count Three**

Count Three's § 924(c) charge rested on two possible predicate "crimes of violence": a conspiracy to commit Hobbs Act robbery (Count One) and a conspiracy to commit kidnapping (Count Two). Following our Court's decision in *United States v. Barrett*, 937 F.3d 126, 129 (2d Cir. 2019) ("*Barrett II*"), conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the force clause, § 924(c)(3)(A).[1] In light of *Davis* and

---

[1] Section 924(c)(1)(A) proscribes using or carrying a firearm in relation to either a "crime of violence" or a drug trafficking crime. 18 U.S.C. § 924(c)(1)(A). The relevant definition of a "crime of violence" is found in § 924(c)(3), which provides two alternative definitions: a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," *id.* § 924(c)(3)(A), or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," *id.* § 924(c)(3)(B). The second clause, commonly called the "residual clause," was invalidated as unconstitutionally vague by the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). The definition in § 924(c)(3)(A), known as the "force clause" or "elements clause," was unaffected by *Davis* and remains valid. *See United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019) (recognizing that § 924(c)(3)(A) was not at issue in *Davis*).

3

*Barrett II*, conspiracy to commit federal kidnapping seems unlikely to satisfy the relevant definition of a crime of violence as well.

But we need not decide that question here, because the government no longer presses the argument that conspiracy to commit kidnapping—which we previously determined qualified as a crime of violence under the now-invalidated residual clause of § 924(c)(3)— should be treated as a crime of violence. Gov't Ltr. Br. at 3-4 (Dkt. No. 341). *Cf. United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1992) (finding kidnapping conspiracy under 18 U.S.C. § 1201(c) poses a "substantial risk of violence" and therefore is a "crime of violence" under § 924(c)(3)(B)). Rather, the government now agrees with Minaya that his conviction for Count Three, dually predicated on the two different conspiracies, must be vacated. We identify no impediment to accepting that concession.

Because the government consents to vacatur and remand, we will vacate Minaya's conviction for Count Three.

## II. Counts Six and Twelve

Minaya's § 924(c) convictions on Count Six and Count Twelve each rested on one valid predicate crime (a substantive Hobbs Act robbery) and one arguably invalid predicate crime (substantive kidnapping). On appeal, Minaya argues that substantive kidnapping in violation of 18 U.S.C. § 1201(a) is not a crime of violence after *Davis* because it can be committed by "inveigling" or "decoying" a person, Appellant's Ltr. Br. at 4, neither of which act necessarily requires the use, attempted use, or threatened use of force. *See* 18 U.S.C. § 924(c)(3)(A). Without substantive Hobbs Act robbery as a predicate, Minaya submits, his convictions on Count Six and Twelve must be set aside since the record does not establish whether the jury relied on the valid or the invalid predicate crime to support its conviction verdict.

The government does not challenge Minaya's contention that substantive kidnapping is not a crime of violence after *Davis*. Rather, the government argues that, even if substantive kidnapping is not a crime of violence, the jury must have concluded that Minaya used or aided and abetted the use of a firearm in connection with the Hobbs Act robberies in

4

addition to the kidnappings. On this theory they urge that any error in the relevant jury instructions was harmless. In light of the government's concession, for purposes of our analysis we will assume without deciding that kidnapping in violation of 18 U.S.C. § 1201(a) (absent any death-resulting enhancement, which is not present here) is not a crime of violence, and that Hobbs Act robbery is the only viable predicate crime of violence to support Minaya's convictions on Counts Six and Twelve.[2]

Minaya's theory of error finds its origin in *Yates v. United States*, 354 U.S. 298, 312 (1957), in which the Supreme Court instructed that "a verdict [should] be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected." Generally, where a jury is instructed that it may convict a defendant on multiple theories of guilt, one of which is later determined to be invalid, under *Yates*, the jury's guilty verdict must be overturned if it is "impossible to tell" from the verdict which theory formed the basis for conviction. *Id.*; *see United States v. Szur*, 289 F.3d 200, 208 (2d Cir. 2002).

*Yates* errors are reviewed for harmlessness. *See Skilling v. United States*, 561 U.S. 358, 414 (2010) (constitutional error occurs if jury is instructed on alternative theories of guilt, one of which is legally invalid, but such error is subject to harmless-error analysis); *United States v. Coppola*, 671 F.3d 220, 233, 237 (2d Cir. 2012) (holding that any *Yates* error was harmless where the jury "necessarily would have had to" find the defendant guilty of the valid ground).[3]

---

[2] Many of our sister circuits have decided that substantive kidnapping in violation of 18 U.S.C. § 1201(a) is not a crime of violence under the force clause, § 924(c)(3)(A). *See, e.g.*, *Knight v. United States*, 936 F.3d 495, 498 (6th Cir. 2019); *United States v. Walker*, 934 F.3d 375, 378-79 (4th Cir. 2019); *United States v. Brazier*, 933 F.3d 796, 800-01 (7th Cir. 2019) (kidnapping "does not categorically satisfy the elements clause" because it "may be accomplished without force, by 'inveigling' or 'decoying' a person without a threat of force, and by holding the person simply by locking him or her in a room, again without threat of violence"). We have not squarely addressed that question yet in a published opinion.

[3] Unlike plain error, an error is harmless "only if it is clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error." *United States v. Bah*, 574 F.3d 106, 114 (2d Cir. 2009).

This Court has also applied a plain-error standard to instruction error where no objection was made in the district court. *United States v. Boyland*, 862 F.3d 279, 289 (2d Cir. 2017). Under plain error review, the defendant must show "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Boyland*, 862 F.3d at 288–89 (internal quotation marks omitted). And, in *United States v. Viola*, 35 F.3d 37, 41-42 (2d Cir. 1994), this Court held that where an error results from a supervening decision that changes the applicable law, we apply "modified" plain error review in which the burden shifts to the government to show that the error did not affect the defendant's substantial rights. *United States v. Botti*, 711 F.3d 299, 308-10 (2d Cir. 2013). We have "repeatedly" expressed doubt, however, as to whether the modified standard survived the Supreme Court's decision in *Johnson v. United States*, 520 U.S. 461 (1997). *United States v. Grote*, 961 F.3d 105, 116 n.3 (2d Cir. 2020).

In a non-precedential decision, this Court also recently applied an "inextricably intertwined" test to a conviction under § 924(c) that was predicated dually on a Hobbs Act robbery conspiracy and a conspiracy to distribute narcotics. *United States v. Vasquez*, 672 F. App'x 56, 60-61 (2d Cir. 2016) (summary order). In *Vasquez*, we determined that, because the firearm in question was used in furtherance of "an agreement to rob drug dealers and to distribute any recovered narcotics and narcotics proceeds," the robbery conspiracy was "inextricably intwined with and, indeed, in furtherance of the charged narcotics conspiracy." *Id.* at 61. In such a circumstance, we concluded, there was no *Yates* error: we could conclude with confidence that the jury's verdict rested on the valid drug-trafficking predicate as well as the invalid Hobbs Act robbery conspiracy. *Id.*

Here, we need not determine what standard of review applies, because our decision would be the same under either harmless error or under plain error. The crimes charged under both Counts Six and Twelve were based on two singular incidents of criminal conduct: the combined robbery-kidnappings that occurred on December 21, 2010 (Count Six), and on May 15, 2011 (Count Twelve). The December 21, 2010 incident giving rise to

6

Count Six rested on the kidnapping and robbery of a man said to have a relationship with Minaya's girlfriend. The May 15, 2011 incident giving rise to Count Twelve rested on the kidnapping and robbery of an ATM owner who, at the time of the robbery, was unknown to Minaya. Each incident resulted in three charges: a robbery charge, a kidnapping charge, and a § 924(c) firearms charge. In both incidents, a group of which Minaya was a part attacked the victim, forced him into a van, and then robbed him. A firearm was used during both incidents, either to assault or threaten to assault the victim. In these circumstances, we have no doubt that a rational juror would have convicted Minaya on the § 924(c) charge even had Hobbs Act robbery been the sole predicate charged. *See Bah*, 574 F.3d at 114.

Further, although Minaya's guilt of these charges was based on aiding and abetting liability, Minaya was also convicted of both the related substantive kidnapping and substantive robbery charges, in Counts Four, Five, Ten, and Eleven. Minaya offers no reason to think that he used or aided and abetted the use of the gun in furtherance of only the kidnapping, but not the robbery, aspects of both incidents. Both Minaya and his co-conspirator were convicted of the same charges, even though they played different roles in each crime, an observation further bolstering our conclusion that the jury saw these charges as each arising from one combined incident of criminal conduct. Therefore, there is "no possibility," *Vazquez*, 672 F. App'x at 61, and at the very least not a "reasonable probability," *United States v. Marcus*, 560 U.S. 258, 262 (2010), that the jury relied solely on the invalid kidnapping predicates in convicting Minaya on Counts Six and Twelve.

Accordingly, we affirm Minaya's conviction on both Counts Six and Twelve.

### III.    Count Fourteen

Minaya's § 924(c) conviction for Count Fourteen was predicated on a single act of Hobbs Act robbery, one that was substantively charged in Count Thirteen and occurred on June 10, 2011. Because we have previously determined that substantive Hobbs Act robbery is a crime of violence under the force clause in § 924(c)(3)(A), *see United States v. Hill*, 890 F.3d 51, 55-56 (2d Cir. 2018), that conviction is unaffected by *Davis*.

We therefore affirm Minaya's conviction on Count Fourteen.

7

* * *

Because the counts of conviction not addressed in this Order (Counts One, Two, Four, Five, Ten, Eleven, Thirteen, and Fifteen) are unaffected by the Supreme Court's holding in *Davis*, we adopt and incorporate the conclusions of our previous summary order to the extent not inconsistent with this Order.

For the foregoing reasons, the District Court's judgment of conviction is **VACATED** as to Count Three and its judgment is **AFFIRMED** as to all other counts of conviction. In light of our vacatur of the conviction on Count Three, we **REMAND** for resentencing as to all counts of conviction other than Count Three, *see United States v. Rigas*, 583 F.3d 108, 115-19 (2d Cir. 2009), and for any further proceedings consistent with this Order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

8