NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0185n.06

Case No. 21-5515

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL L. KNIGHT,

    Defendant - Appellant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
May 02, 2022
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

Before: SILER, GIBBONS, and STRANCH, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Michael L. Knight appeals his sentence, arguing the district court erred in declining to apply § 403 of the First Step Act in his resentencing. Because § 403 of the First Step Act does not apply retroactively to Knight, we affirm.

**I**

In 2011, Knight was convicted of bank fraud, robbery, possession of stolen property, kidnapping, carjacking, and possession of a firearm as a felon. He was also convicted of three counts of use of a firearm under 18 U.S.C. § 924(c), corresponding to the convictions for robbery, kidnapping, and carjacking. He was sentenced to 955 months' imprisonment—60 months for the first § 924(c) offense, 300 months each for the second and third § 924(c) offenses, and 295, 120, and 180 months for the remaining offenses, to run concurrently. On direct appeal, we affirmed his convictions and sentence.

In 2014, Knight filed a petition under 28 U.S.C. § 2255, arguing that his "convictions under § 924(c) are invalid because the residual clause of the crime-of-violence definition in § 924(c)(3)(B) is unconstitutionally vague." *Knight v. United States*, 936 F.3d 495, 497 (6th Cir. 2019). The district court denied the petition in 2017, and Knight appealed. *Id.* at 498. While the appeal was pending, the Supreme Court held that the residual clause of § 924(c)(3)(B) was unconstitutionally vague. *Id.* The government conceded that under this new precedent, Knight's kidnapping conviction was not a crime of violence, and we vacated his associated § 924(c) conviction in August 2019. *Id.* Knight still had two other convictions under § 924(c) associated with his robbery and carjacking convictions. *See id.* at 501.

On remand, the district court resentenced Knight. The parties disputed whether the First Step Act applied to Knight on resentencing. Congress passed the First Step Act in December 2018, while Knight's § 2255 appeal was pending before us. *See* Pub. L. No. 115-391, 132 Stat. 5194. Section 403 of the First Step Act changed the stacking nature of charges pursuant to § 924(c). As we previously explained,

> Prior to its enactment, individuals convicted of two § 924(c) charges faced a mandatory-minimum sentence of thirty years' incarceration regardless of their prior criminal history (five years for the first and twenty-five years for the second § 924(c) conviction) and twenty-five years' incarceration for each additional § 924(c) conviction. Under the First Step Act's new framework, only a defendant who has a prior final § 924(c) conviction is subject to the escalating mandatory-minimum sentences for a subsequent § 924(c) conviction.

*United States v. Henry*, 983 F.3d 214, 217 (6th Cir. 2020).

If the First Step Act applied in Knight's resentencing, then the applicable Guidelines range would be 444 to 525 months. However, if the First Step Act did not apply, then the Guidelines range would be 684 to 765 months as Knight was convicted of multiple § 924(c) violations. The district court found the First Step Act did not retroactively apply to Knight, citing our precedent in

*United States v. Jackson*, 995 F.3d 522 (6th Cir. 2021). After considering all the § 3553(a) factors, the district court sentenced Knight to 700 months' imprisonment.

**II**

We review the district court's interpretation of the First Step Act de novo. *See Jackson*, 995 F.3d at 524. Under our precedent, Knight—who was originally sentenced in 2011, had one of his convictions vacated in 2019, and was resentenced in 2021—cannot benefit from § 403 of the First Step Act.

The First Step Act was enacted on December 21, 2018. Section 403 applies "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." First Step Act, § 403(b). We have clarified the scope of § 403(b). In *United States v. Richardson*, we held that the First Step Act did not apply to a defendant who was sentenced before the Act's enactment but had a pending appeal when the Act was passed. 948 F.3d 733, 748–53 (6th Cir. 2020). In *Henry*, we held the First Step Act "applies to defendants whose cases have been remanded for resentencing prior to the First Step Act's enactment, but who were not yet resentenced." 983 F.3d at 217. Most recently, in *Jackson*, we held that § 403 does not apply to a defendant who was sentenced before the passage of the First Step Act, but had his sentence vacated *after* the Act's enactment. 995 F.3d at 523. Jackson was sentenced in 2017 and his appeal was pending when the First Step Act was enacted. *Id.* at 524. We vacated one of his convictions and remanded for resentencing, and the district court applied the First Step Act retroactively. *Id.* We held this was error and explained that courts "must look at [the defendant's] status as of December 21, 2018 and ask whether—at that point—a sentence had been imposed on him." *Id.* at 524–25. As Jackson had a sentence imposed on him on that

date, he could not later benefit from § 403 when his sentence was vacated. *Id.* at 525. This was because the "vacatur [did] not erase Jackson's prior sentence from history." *Id.*

The district court correctly held that *Jackson* controls the outcome in this case. Looking to December 21, 2018, Knight had a sentence imposed on him. Therefore, he could not benefit from § 403's changes. Although Knight's sentence was later vacated, this vacatur does not impact the nonretroactivity of the First Step Act. *See Jackson*, 995 F.3d at 525.

Knight argues his case is distinguishable from *Jackson* because Jackson's sentence was vacated on direct appeal, while Knight's sentence was vacated through a § 2255 petition. Knight suggests resentencing after direct appeal is more limited than resentencing after a successful § 2255 petition. This argument is without merit. "The same concerns apply at resentencing whether it occurs following direct appeal or a § 2255 motion." *United States v. Saikaly*, 207 F.3d 363, 370 (6th Cir. 2000); *see also United States v. Flack*, 941 F.3d 238, 240–41 (6th Cir. 2019).

Knight also claims *United States v. Burton*, 802 F. App'x 896 (6th Cir. 2020) supports his position. Burton was originally sentenced in 1999. *Burton*, 802 F. App'x at 899. He was resentenced in July 2018, following a successful § 2255 petition. *Id.* at 912. We held that Burton could not benefit from § 403 of the First Step Act, which was enacted five months after his resentencing. *Id.* Knight contends *Burton* supports his argument because "[t]he Sixth Circuit used the July 2018 resentencing date . . . as the measuring date, not the date the original sentence was imposed prior to 2003." CA6 R. 13, Appellant Br., at 10. However, the relevant date is December 21, 2018—the enactment of the First Step Act; in Burton's case, he had a sentence imposed on him by that date pursuant to the July 2018 resentencing. *Burton*, 802 F. App'x at 912. *Burton* undermines Knight's argument because a sentence was imposed as of December 2018, barring application of § 403 of the First Step Act.

**III**

*United States v. Jackson*, 995 F.3d 522 (6th Cir. 2021) holds that § 403 of the First Step Act does not apply when an individual had a sentence imposed as of December 21, 2018.[1] Knight had a sentence imposed on him in December 2018. Therefore, the district court properly declined to apply § 403 of the First Step Act. We affirm.

---

[1] To the extent Knight disagrees with this court's decision in *Jackson*, this panel "cannot overturn a decision of another panel." *United States v. Lanier*, 201 F.3d 842, 846 (6th Cir. 2000).