[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-12454-F

_____

IN RE: CHARLES HINES,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before:   TJOFLAT, HULL and JULIE CARNES, Circuit Judges.

B Y  T H E  P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Charles Milton Hines

has filed an application seeking an order authorizing the district court to consider a

second or successive motion to vacate, set aside, or correct his federal sentence, 28

U.S.C. § 2255.   Such authorization may be granted only if this Court certifies that

the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light
> of the evidence as a whole, would be sufficient to establish by clear and
> convincing evidence that no reasonable factfinder would have found
> the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his application, Hines indicates that he wishes to raise one claim in a second or successive § 2255 motion. Hines asserts that his claim relies upon the new rule of constitutional law announced in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). In his application and attached memorandum, Hines challenges the sentence imposed on him pursuant to Count 2 of the indictment. Count 2 charges a violation of 18 U.S.C. § 924(c), which makes criminal the use or carrying of a firearm by a person during and in relation to a crime of violence or drug trafficking crime.[1]  *See* 18 U.S.C. § 924(c)(1)(A). He asserts that the Supreme

---

[1] Hines incorrectly asserts that his § 924(c) conviction represents a violation of the Armed Career Criminal Act ("ACCA"). But the ACCA is set out in 18 U.S.C. § 924(e), not § 924(c). Based on his application, we understand Hines to be challenging only his conviction and sentence pursuant to § 924(c). Even were he challenging the sentencing enhancement under the ACCA

Court's holding that the residual clause of the ACCA (§ 924(e)(2)(B)(ii)) was unconstitutionally vague means that his conviction for § 924(c) must likewise be deemed unconstitutional.

In *Johnson*, the Supreme Court held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony. *Johnson*, 576 U.S. at ___, ___, 135 S. Ct. 2551, at 2557-58, 2563. The Supreme Court made clear that its holding that the residual clause is void did not call into question the validity of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony. *Id.* at ___, 135 S. Ct. at 2563. In *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

In light of the Supreme Court's holdings in *Johnson* and *Welch*, federal prisoners who make a *prima facie* showing that they previously were sentenced in reliance on the ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion in the district court. However, merely asserting, in the

---

applied to this conviction on Count 4, that challenge would fail. Because Hines has two prior convictions for armed bank robbery and one prior conviction for bank robbery and use of a firearm in connection with that robbery, any such challenge would be without merit.

3

abstract, a ground that purportedly meets § 2255(h)'s requirements only "represent[s] the minimum showing" necessary to file a successive § 2255 motion. *In re Holladay*, 331 F.3d 1169, 1173 (11th Cir. 2003) (granting a state death-row inmate's successive application because he had proffered detailed evidence, in satisfaction of § 2244(b)(3)(C), that showed "a reasonable likelihood that [he] is mentally retarded" to support his proposed *Atkins* claim). Rather, § 2244(b)(3)(C) requires the applicant to make "a *prima facie* showing that the application satisfies the requirements of this subsection." *Id.* Accordingly, it is not enough for a federal prisoner to merely cite *Johnson* as the basis for the claim he seeks to raise in a second or successive § 2255 motion. Instead, the prisoner must also make a *prima facie* showing that he falls within the scope of the new substantive rule announced in *Johnson. See, e.g., id.*; 28 U.S.C. § 2244(b)(3)(C).

Here, Hines was convicted of the following offenses: Count 1–an armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); Count 2–the use of a firearm in furtherance of the above crime of violence set out in Count 1, in violation of 18 U.S.C. § 924(c); Count 3–possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871; and Count 4–felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). As to Counts 1 and 4 (the conviction for armed bank robbery and the conviction for being a felon in possession of a firearm),

4

the district court sentenced Hines to 262-months' imprisonment on each count, with the sentences to run concurrently to each other. As to Count 3 (possession of an unregistered short-barrel rifle), the court imposed a 120-month sentence, also to run concurrently to the sentences for Counts 1 and 4. As to Count 2—the count of conviction in question here—under which Hines was convicted for his use of a firearm during the armed bank robbery charged in Count 1, the district court sentenced Hines to 300-months' imprisonment,[2] to be served consecutively with the other sentences.

As noted, *Johnson* rendered the residual clause of § 924(e) invalid. It spoke not at all about the validity of the definition of a crime of violence found in § 924(c)(3).[3] Further, our Court has not held that *Johnson* invalidates § 924(c)(3)(B). However, even were we to extrapolate from the *Johnson* holding a conclusion that § 924(c)(3)(B) was also unconstitutional, it would not help Hines because his § 924(c) conviction on Count 2 was explicitly based on his companion

---

[2] Count 2 alleged that Hines had been convicted in 1998 of armed bank robbery, possession of a firearm during a crime of violence, and felon-in-possession of a firearm. Count 2 further indicated that Hines was subject to § 924(c)(1)(C)(i), which calls for a mandatory 25-year sentence for a defendant who has second or subsequent conviction under § 924(c).

[3] Section 924(c)(3) defines a crime of violence as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Section 924(c)(3)(B) is similar, but not identical, to the language of the ACCA residual clause invalidated by the Supreme Court in *Johnson*.

Count 1 conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d). And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, "the use, attempted use, or threatened use of physical force against the person or property of another."[4]

Here, Count 1 charged that Hines "by force, violence and intimidation, did take from the person or presence of [a teller] monies belong to [a federally-insured bank]" and that in doing so, Hines "did assault and put in jeopardy the life of [two individuals] by use of a dangerous weapon," all in violation of 18 U.S.C. § 2113(a) and (d). These allegations in the indictment mimic the requirements of § 2113 (a) and (d). The statutory elements that these allegations of the indictment repeat clearly meet § 924(c)(3)(A)'s requirement that the underlying felony offense must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another."

This means that Hines's conviction under § 924(c) would be valid even if *Johnson* renders the "crime of violence" definition in § 924(c)(3)(B)

---

[4]    Similarly, the ACCA's elements clause, whose validity *Johnson* did not question, defines "violent felony" as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *See* 18 U.S.C. § 924(e)(2)(B)(i).

unconstitutional.[5]    Therefore, because Hines has failed to make a *prima facie* showing that his proposed claim meets the statutory criteria, his application for leave to file a second or successive motion is hereby DENIED.

---

[5] In *In re Pinder*, this Court stated that the applicant's § 924(c) sentence "appear[ed] to have been based on a conviction for conspiracy to commit Hobbs Act robbery." *In re Pinder*, ___ F.3d at ___ n.1, 2016 U.S. App. LEXIS 10031, at *5 n.1 (11th Cir. June 1, 2016).  However, unlike *Pinder*, this case involves the actual commission of an armed bank robbery.  In addition, this order assumes that Hines can prevail on his *Johnson* claim that the § 924(c)(3)(B) residual clause is invalid and concludes that even if Hines is given the benefit of *Johnson*, his sentence remains valid under the use-of-force clause in § 924(c)(3)(A).

7