[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14675-J
_____

IN RE: SHELDON DEAN CHRISTOPHER WATT,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before HULL, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

B Y   T H E   P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Sheldon Watt has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies

the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).

Watt's application and attached memorandum reflects that he wishes to raise one claim in a second or successive motion to vacate, 28 U.S.C. § 2255. Watt asserts that his claim relies on the new rule of constitutional law announced in *Johnson v. United States*, 576 U.S. ——, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), that the definition of violent felony in the residual clause of the Armed Career Criminal Act is unconstitutionally vague, 18 U.S.C. § 924(e)(2)(B)(ii). Watt argues that *Johnson* invalidates his conviction for knowingly using a firearm in furtherance of an assault with intent to rob a postal employee, 18 U.S.C. § 924(c)(1)(A).

The Act defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; (2) is burglary, arson, or extortion, or involves use of explosives; or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another. *Id.* § 924(e)(2)(B); *Mays v. United States*, 817 F.3d 728, 730–31 (11th Cir. 2016). We refer to these three "clauses" as the "elements clause," the "enumerated clause," and the "residual clause," respectively. *Mays*, 817 F.3d at 731.

*Johnson* does not invalidate Watt's conviction under section 924(c). A jury convicted Watt of knowingly using, carrying, and possessing "a firearm in furtherance of a violation of Title 18, United States Code, Section 2114(a)." 18 U.S.C. § 924(c)(1)(A). *Johnson* invalidated the residual clause of section 924(e), but the decision did not address the validity of the definition of a crime of

2

violence found in section 924(c) nor have we held that *Johnson* affects section 924(c)(3)(B). *See In re Hines*, No. 16-12454-F, 2016 WL 3189822, at \*2 (11th Cir. June 8, 2016). Even were we to extrapolate from *Johnson* that section 924(c)(3)(B) is also unconstitutional, it would not help Watt. *See id.* Watt's firearm conviction was based explicitly on his companion conviction for assaulting a postal employee, which we have stated "indisputedly describes a crime of violence," *United States v. Dowd*, 451 F.3d 1244, 1251 (11th Cir. 2006). Watt's first superseding indictment alleged that he and an unindicted codefendant, "aiding and abetting one another, did assault Postmaster Brenda Snellen . . . with intent to rob [her] . . . and did rob and attempt to rob said person . . . and, in so doing, . . . put the life of said person in jeopardy by the use of a . . . firearm." 18 U.S.C. §§ 2114(a)(2), 2. That Watt was charged under the aiding and abetting statute is of no moment. "A person who aids, abets, counsels, commands, induces or procures the commission of an offense is punishable as a principal," and so "the acts of the principal become those of the aider and abettor as a matter of law." *In re Colon*, No. 16-13021-J, 2016 WL 3461009, at \*3 (11th Cir. June 24, 2016) (internal quotation marks and citations omitted). Based on the allegations in Watt's indictment, the jury had to have found that he "assault[ed]" the victim and that her "life was put in jeopardy," which satisfies the requirement of the elements clause that the underlying felony offense have "as an element, the use, attempted use, or threatened use of physical force against the person or property of another," *id.* § 924(c)(3)(A). *See Hines*, 2016 WL 3189822, at \*3. Notably, the presentence investigation report, whose factual statements the district court adopted without objection from Watt, described how Watt, after entering the post office, ejected the ammunition cartridge in his gun, showed it to Postmaster Snellen, reloaded the weapon and pointed it at her while handing her a bag and instructing her to fill it with the contents of her cash drawer, and then

3

made her lie on the floor under the threat that he would shoot her if she moved while he fled the building. Watt's conviction would be valid even if *Johnson* renders the definition of "crime of violence" in section 924(c)(3)(B) unconstitutional.

Watt has failed to make a prima facie showing that he is entitled to relief. *See* 28 U.S.C. § 2244(b)(3)(C). His application for leave to file a second or successive motion to vacate is DENIED.

**APPLICATION DENIED**.