[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15063
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00041-CDL-MSH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON MCCOLLUM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 31, 2017)

Before TJOFLAT, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Byron McCollum appeals his conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  McCollum argues that the evidence was insufficient to support the jury's guilty verdicts on both counts.  Specifically, McCollum argues that no direct evidence tied him to the robbery and that the jury could not have drawn any inferences from his conduct that would support the jury's guilty verdicts.  After a careful review of the parties' briefs and the record, we affirm.

I.

Normally, when an appellant properly preserves a sufficiency of the evidence claim in the district court, we will review such a challenge de novo and will ask "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt."  *See United States v. House*, 684 F.3d 1173, 1196 (11th Cir. 2012) (internal quotation marks omitted).  However, as is relevant in this case, "where a defendant presents his case after denial of a motion for judgment of acquittal and then fails to renew his motion . . . [after] all of the evidence [has been presented], we review the defendant's [sufficiency of the evidence challenge] for a manifest miscarriage of justice."  *Id.*  (internal quotation marks omitted).

A manifest miscarriage of justice exists "if the evidence on a key element of the offense is so tenuous that a conviction would be shocking."  *United States v.*

*Edwards*, 526 F.3d 747, 756 (11th Cir. 2008) (internal quotation marks omitted).

We review all the evidence presented at trial in the light most favorable to the

jury's verdict, drawing all reasonable inferences in its favor. *See United States v.*

*Perez*, 661 F.3d 568, 574 (11th Cir. 2011) (per curiam).

Moreover, "the test for sufficiency of evidence is identical regardless of

whether the evidence is direct or circumstantial, and no distinction is to be made

between the weight given to either direct or circumstantial evidence." *United*

*States v. Mieres-Borges*, 919 F.2d 652, 656–67 (11th Cir. 1990) (internal quotation

marks omitted). However, "[w]hen the government relies on circumstantial

evidence, reasonable inferences, not mere speculation, must support the [jury's

verdict]." *United States v. Mendez*, 528 F.3d 811, 814 (11th Cir. 2008) (per

curiam). Finally, credibility determinations are for the jury, and we will assume

that the jury answered them all in a manner that supports the jury's verdicts. *See*

*United States v. Jiminez*, 564 F.3d 1280, 1285 (11th Cir. 2009).

## II.

McCollum's sufficiency of the evidence claims fail. Both the convictions

for armed bank robbery and for brandishing a firearm during a violent crime are

supported by ample evidence. And because the jury verdicts do not present a

manifest miscarriage of justice, we affirm.

3

### A. *Bank Robbery*

To sustain a conviction for bank robbery under 18 U.S.C. 2113(a), the government must prove that the defendant took property or money belonging to a bank, by force or intimidation, from the person or presence of another. *See* 18 U.S.C. § 2113(a); *see also United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005).

McCollum, who failed to renew his motion for a judgment of acquittal after the close of evidence, has not demonstrated that the bank robbery evidence was so tenuous that his conviction would be considered shocking. The government, through nearly 40 witnesses, presented a substantial amount of circumstantial evidence regarding McCollum's identity as one of the armed robbers by showing: his involvement in a criminal partnership with Michael Hall, the preparations the two made for this particular robbery, and his conduct subsequent to the robbery. Therefore, no manifest miscarriage of justice occurred in this case. Accordingly, we affirm McCollum's bank robbery conviction.

### B. *Brandishing a Firearm During a Crime of Violence*

To establish a violation under 18 U.S.C. § 924(c)(1)(A), the government must show, that the defendant "use[d] or carrie[d] a firearm" during a crime of violence or drug trafficking crime, or possessed a firearm "in furtherance of any such crime." 18 U.S.C. § 924(c)(1)(A). A conviction for bank robbery under 18

U.S.C. § 2113(a) qualifies as a crime of violence.  *See In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016).

McCollum has not demonstrated that the firearm-brandishing evidence was so tenuous that his conviction would be considered shocking.  Again, the government presented evidence that McCollum was present at the scene of the bank robbery and that both robbers brandished firearms during the course of the robbery.  Thus, no manifest miscarriage of justice occurred in this case. Accordingly, we affirm McCollum's conviction for brandishing a firearm during a crime of violence.

**AFFIRMED.**