[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15495
Non-Argument Calendar
_____

D.C. Docket Nos. 4:14-cv-00262-HLM; 4:09-cv-00011-HLM-WEJ-2

SHERMAN EDWARD WILLIAMS,

                                              Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

                                              Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 23, 2018)

Before WILSON, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Sherman Williams appeals the denial of his 28 U.S.C. § 2255 motion to vacate his 192-month sentence for armed bank robbery and brandishing a firearm during a crime of violence.  18 U.S.C. § 2113(a), (d); 18 U.S.C. § 924(c)(1)(A).  Williams argues that his sentence was illegal because *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), invalidated the "risk-of-force" clause of 18 U.S.C. § 924(c)(3)(B), and because his armed bank robbery conviction is not a predicate crime of violence under § 924(c)(3)(A).  Because we have previously concluded both that *Johnson* did not invalidate 18 U.S.C. § 924(c)(3)(B) and that armed bank robbery is a predicate crime of violence under § 924(c)(3)(A), we affirm.

When we granted Williams a certificate of appealability (COA), we had not yet resolved the question of whether *Johnson*, which invalidated the "residual clause" of the Armed Career Criminal Act (ACCA), also invalidated the "risk-of-force" clause contained in § 924(c)(3)(B).  But we have since determined that it did not, and we are bound by this conclusion.  *See Ovalles v. United States*, 861 F.3d 1257 (11th Cir. 2017).  Thus, in light of *Ovalles*, Williams's first claim is without merit.

We have also previously determined that a conviction for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), "clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A)." *In re*

2

*Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016).  Williams argues that *In re Hines* "has no precedential effect" here because it was an order on an application for a second or successive § 2255 motion, but we have made it clear that "our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions."  *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015).  Thus, our holding in *In re Hines* is binding precedent, and it forecloses Williams's second argument.

*Johnson* did not invalidate 18 U.S.C. § 924(c)(3)(B), and armed bank robbery is a predicate crime of violence under § 924(c)(3)(A).  *Ovalles*, 861 F.3d at 1259; *In re Hines*, 824 F.3d at 1337.  Therefore, we affirm the denial of Williams's motion to vacate his sentence.

**AFFIRMED.**