[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  16-16734
Non-Argument Calendar

_____

D.C. Docket No. 0:13-cr-60050-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOCELYN FAURISMA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 28, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges

PER CURIAM:

Jocelyn Faurisma seeks to appeal the denial of his 28 U.S.C. § 2255 claim

that he is actually innocent of his conviction for carrying or brandishing a firearm

during a crime of violence, in violation of 18 U.S.C. § 924(c), because the

predicate offense of armed bank robbery does not qualify as a crime of violence after Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).  After merits briefing, this Court determined that we could not hear Faurisma's appeal unless he obtained a certificate of appealability ("COA").  We entered a limited remand for the district court to determine whether to grant a COA.  The district court has now denied a COA and this Court must determine whether to grant one.

"[A]n appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless the appellant first obtains a COA. 28 U.S.C § 2253(c)(1)(B).  In order to obtain a COA, a movant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The movant satisfies this requirement by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000). Reasonable jurists would not debate the district court's denial of Faurisma's claim.

Faurisma was sentenced to a mandatory, consecutive 84-month term of imprisonment for brandishing a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). This section defines a crime of violence as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). This Court has referred to subsection (A) as the "use-of-force" clause and subsection (B) as the "risk-of-force" clause. Faurisma claims that he cannot be constitutionally sentenced under either clause. First, Faurisma claims that § 924(c)(3)(B) is unconstitutional after Johnson, in which the Supreme Court held that the residual clause in the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)), is unconstitutionally vague. Id. at 2557–58, 2563. Faurisma then claims that his conviction for armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), does not qualify as a crime of violence under § 924(c)(3)(A).

Faurisma's claims are contrary to this Circuit's binding precedent. This Court has held that armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), is a crime of violence under § 924(c)(3)(A)'s use-of-force clause because it requires "the use, attempted use, or threatened use of physical force against the person or property of another." In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016) (quoting 18 U.S.C. § 924(c)(3)(A)). Thus, Faurisma's conviction is valid under § 924(c)(3)(A) regardless of whether § 924(c)(3)(B) is constitutional after Johnson.

Moreover, this Court recently held that "Johnson's void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause in § 924(c)(3)(B)." Ovalles v. United States, 861 F.3d 1257, 1265 (11th Cir. 2017).  The Court

3

recognizes that the Supreme Court has heard oral argument in a case addressing whether language in 18 U.S.C. § 16(b), which is identical to language in § 924(c)(3)(B), is unconstitutionally vague.  See Lynch v. Dimaya, 803 F.3d 1110 (9th Cir. 2015), cert. granted, 137 S. Ct. 31 (2016), Sessions v. Dimaya, No. 15-1498 (2017 Term).  Nevertheless, "[u]nder the prior precedent rule, we are bound to follow a prior binding precedent 'unless and until it is overruled by this court en banc or by the Supreme Court.'" United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (per curiam) (quoting United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003)); see also Ovalles, 861 F.3d at 1267 (discussing differences between § 16(b) and § 924(c)(3)(B)).

For all of these reasons, reasonable jurists would not find the district court's assessment of Faurisma's constitutional claims debatable. Faurisma's motion for COA is therefore DENIED.  Accordingly, we DISMISS Faurisma's appeal.