[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  18-14077
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-00399-ELR-CMS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONTE DESHAWN ALSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 13, 2019)

Before TJOFLAT, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Donte Alston, a federal prisoner, pled guilty to a two-count federal

indictment charging him with (1) armed bank robbery, in violation of 18 U.S.C. §§

2113(a) and (d) (Count One); and (2) brandishing a firearm during a crime of violence (i.e. the armed bank robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two).  At sentencing, the District Court imposed a total sentence of 121 months – 37 months on Count One and 84 months on Count Two.  On appeal, Alston first argues that his conviction for armed bank robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A)'s "elements clause."  He contends that published orders in our Circuit stating otherwise, in the context of second or successive applications for habeas corpus relief, do not (or, more accurately, should not) constitute binding precedent.  Second, Alston argues that his within-guideline sentence on Count One was substantively unreasonable because the District Court ignored mitigating factors, including his lack of criminal history, drug addiction, and difficult upbringing.  We reject Alston's arguments and affirm his sentence.

## I.

We turn first to Alston's argument that his conviction for armed bank robbery does not constitute a "crime of violence."  18 U.S.C. § 924(c) provides a mandatory minimum sentence of seven years for anyone who brandishes a firearm during the commission of any crime of violence or drug trafficking crime.  18 U.S.C. § 924(c)(1)(A)(ii).  For the purposes of § 924(c), "crime of violence" means an offense that is a felony under federal law and:

2

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id*. § 924(c)(3)(A)–(B).  These two sections are respectively known as the "elements clause," § 924(c)(3)(A), and the "residual clause," § 924(c)(3)(B). *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019).  The Supreme Court in *United States v. Davis* held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. *Id.* at 2336.  Nevertheless, this Court has held that armed bank robbery otherwise qualifies as a crime of violence under the elements clause of § 924(c), which *Davis* did not address and remains valid. *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016); *see also In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019) (indicating that a *Davis* challenge is futile when the crime for which the defendant was convicted also satisfies the § 924(c)(3)(A) elements clause).

Under our prior precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  The prior panel precedent rule applies with equal force as to prior published decisions on applications to file second or successive habeas corpus petitions, which are binding precedent. *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015).  Further, published orders in the

3

context of second or successive applications are binding precedent in direct appeals. *United States v. St. Hubert*, 909 F.3d 335, 346 (11th Cir. 2018).

Here, Alston's challenges to his § 924(c) conviction are foreclosed by binding precedent that armed bank robbery is a qualifying crime of violence under § 924(c)(3)(A). *Hines*, 824 F.3d at 1337. *Hines* was decided in the context of a second or successive habeas petition and, per the rule put forth in *St. Hubert*, constitutes binding precedent in direct appeals. *St. Hubert*, 909 F.3d at 346. Alston contends that *St. Hubert* was "wrongly decided" and that decisions in the context of second or successive applications should not constitute binding precedent, but *St. Hubert* is the law in our Circuit. Therefore, we are required here to follow our decision in *Hines*, regardless of the procedural context of that decision.[1] *St. Hubert*, 909 F.3d at 346. Therefore, we affirm Alston's Count Two conviction for brandishing a firearm during a crime of violence.

## II.

We next turn to Alston's challenge to his 37-month sentence on Count One, the armed bank robbery count. We review the reasonableness of a sentence under the deferential abuse of discretion standard of review. *Gall v. United States*, 552

---

[1] Alston filed a motion to stay appellate proceedings pending the grant or denial of certiorari in U.S. Supreme Court case 18-6172, *Sherman Williams v. United States*, which presents the question of whether treating decisions in the context of second or successive petitions as binding precedent is constitutional. This Court denied Alston's motion to stay.

U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  In reviewing a sentence for unreasonableness, we consider whether the district court abused its discretion in concluding that the factors found in 18 U.S.C. § 3553(a) support the sentence.  *Id.*

Under § 3553(a)(2), the district court must impose a sentence that is sufficient, but not greater than necessary, to: (1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment for the offense, (4) deter criminal conduct, and (5) protect the public from the defendant's future criminal conduct.  The court must also consider the criminal history and characteristics of the defendant.  *Id.* § 3553(a)(1).  However, the district court need not specifically address every mitigating factor raised by the defendant for the sentence to be substantively reasonable, *see United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010), and a court's refusal to grant a downward variance alone does not demonstrate that the district court failed to afford consideration to mitigating factors.  *United States v. Lebowitz*, 676 F.3d 1000, 1016 (11th Cir. 2012).

The weight given to any specific § 3553(a) factor is left to the district court's sound judgment.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  A district court abuses its discretion by: (1) failing to consider relevant factors that were due significant weight; (2) giving an improper or irrelevant factor substantial weight; or (3) committing a clear error of judgment by balancing proper factors

5

unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

We ordinarily expect a sentence within the guideline range to be reasonable, and the defendant bears the burden of showing otherwise. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). A sentence well below the statutory maximum penalty is another indicator of reasonableness. *See id.* Only after giving full deference to the district judge and determining that the sentence imposed was truly unreasonable will we set aside a sentence. *Irey*, 612 F.3d at 1191.

Here, the District Court did not abuse its discretion by imposing a 37-month sentence for the offense of armed bank robbery. The record indicates that the District Court considered evidence of mitigating factors presented by Alston. Specifically, the Court considered his age, lack of criminal history, and acceptance of responsibility. Additionally, during the sentencing hearing, the District Court heard testimony that around the time of the offense, Alston was addicted to cannabis, pharmaceuticals, and cocaine, and involved with the "wrong crowd." The Court heard that before that time period, he had graduated high school, been a caretaker for his two younger sisters, and had a steady job at Home Depot, an apartment, and a car. In calculating the proper sentence, the Court considered the seriousness of the offense, including the fact that Alston pointed a gun at a bank

teller and then fled, leading police on a high speed chase.  On balance, the Court concluded that Alston deserved a sentence at the bottom of his guidelines range, but chose not to grant a downward variance from the range.

Alston has not met his burden of showing that the District Court abused its discretion in imposing this sentence.  *Gonzalez*, 550 F.3d at 1324.  The District Court imposed a sentence on Count One that was within Alston's guidelines range and was significantly below the statutory maximum of 300 months for armed bank robbery, two indicia of reasonableness.  *See id.*  The Court heard and considered the mitigating evidence, as discussed above, but determined any mitigating circumstances were overshadowed by the seriousness of the offense and no downward variance was warranted.  We cannot conclude that the District Court, in its discretion, arrived at a sentence that "truly is unreasonable."  *Irey*, 612 F.3d at 1191.

Accordingly, Alston has failed to show that his sentence was substantively unreasonable.  We affirm the 37-month sentence on Count One imposed by the District Court.

**AFFIRMED.**