[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-14744
Non-Argument Calendar

_____

D.C. Docket Nos. 2:16-cv-00478-MHT-CSC; 2:05-cr-00042-MEF-CSC-1

TARIO STAMPS,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 1, 2020)

Before WILSON, BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Tario Stamps appeals the district court's denial of his 28 U.S.C. § 2255

motion.  He contends that, his convictions for Hobbs Act robbery, under 18 U.S.C.

§§ 1951(a) and 2, and armed bank robbery, under18 U.S.C. §§ 2113(d) and 2, do not categorically qualify as predicate crimes of violence under the elements clause of 18 U.S.C. § 924(c), and thus his § 924(c) convictions cannot be sustained.  He acknowledges that our prior precedent says otherwise, but that he raises his arguments to preserve them because relying on published opinions in the context of applications to file a second or successive § 2255 as binding precedent outside that context is inappropriate.  The government has moved for summary affirmance.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In reviewing a denial of a motion to vacate under § 2255, we review the district court's legal conclusions *de novo* and findings of fact for clear error. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014).  Under our prior-panel-precedent rule, a panel is bound by a prior panel's decision until overruled by the Supreme Court or by this Court *en banc*.  *United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998).  There is no exception to this rule based upon an overlooked reason or a perceived defect in the prior panel's reasoning or analysis

2

of the law in existence at the time. *United States v. Kaley*, 579 F.3d 1246, 1259-60 (11th Cir. 2009). Additionally, "our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions." *United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018) (quotation omitted) (citing *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015)), *pet. for cert. filed* July 18, 2019 (U.S. No. 19-5267).

Section 924(c) of Title 18 of the United States Code criminalizes the use or carrying of a firearm in furtherance of a crime of violence or drug-trafficking crime. 18 U.S.C. § 924(c). "Crime of violence" is defined as a felony offense that either

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3)(A)-(B). Subsection (A) is known as the "elements clause," while subsection (B) is known as the "residual clause." *St. Hubert*, 909 F.3d at 345.

In *Davis v. United States*, 139 S. Ct. 2319 (2019), the Supreme Court extended its holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), to § 924(c) and held that

3

§ 924(c)(3)(B)'s residual clause, like the residual clauses in the Armed Career Criminal Act and 18 U.S.C. § 16(b), is unconstitutionally vague. *Davis*, 139 S. Ct. at 2324-25, 2336. The Court resolved a circuit split on the issue, rejecting the position that § 924(c)(3)(B)'s residual clause could remain constitutional if read to encompass a case-specific, conduct-based approach, rather than a categorical approach. *Id.* at 2325 & n.2, 2332-33. The Court in *Davis* emphasized that there was no "material difference" between the language or scope of § 924(c)(3)(B) and the residual clauses struck down in *Johnson* and *Dimaya* and, therefore, concluded that § 924(c)(3)(B) was unconstitutional for the same reasons. *Id.* at 2326, 2336.

Previously, in the context of an application for leave to file a second or successive § 2255 motion to vacate, we held that a conviction for Hobbs Act robbery "clearly qualifies as a crime of violence" under the elements clause of § 924(c)(3)(A) because it required the use, attempted use, or threatened use of force against the person or property of another. *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016). In *St. Hubert*, we held that, pursuant to the elements clause in § 924(c) and our prior precedent in *Saint Fleur*, Hobbs Act robbery was a crime of violence because a conviction for that required actual or threatened force, or violence, or fear of injury, immediate or future, to person or property, and noted that § 924(c)(3)(A) referred to the use, attempted use, or threatened use of physical force against person or property. *St. Hubert*, 909 F.3d at 348.

4

Also, in the context of an application for leave to file a second or successive §2255 motion to vacate, we held that armed bank robbery categorically qualifies as a crime of violence under § 924(c)'s elements clause. *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016). Additionally, we have further held that where the companion substantive conviction qualifies as a crime of violence under the use-of-force clause in § 924(c), a conviction for aiding and abetting the companion substantive conviction equally qualifies as a crime of violence under the use-of-force clause. *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016).

We grant the government's motion for summary affirmance. As Stamps concedes, we have previously held that Hobbs Act robbery and armed bank robbery qualify as predicate crimes of violence under the elements clause of § 924(c). *See In re Saint Fleur*, 824 F.3d at 1340-41; *St. Hubert*, 909 F.3d at 348; *In re Hines*, 824 F.3d at 1337. Additionally, it does not matter whether Stamps was convicted as an aider or abettor or a principal, because, as we have also previously held, a conviction for aiding and abetting the companion substantive offense equally qualifies as a crime of violence under § 924(c)'s use-of-force clause. *In re Colon*, 826 F.3d at 1305. Even if we were to question the reasoning of these prior decisions, the prior-panel-precedent rule prevents us from disregarding the previous panel's decision absent a decision from the Supreme Court or this Court *en banc*, even if such prior precedent was rendered in the context of an application

5

to file a second or successive § 2255 motion.  *See Kaley*, 579 F.3d at 1259-60; *St. Hubert*, 909 F.3d at 345.

Thus, as the government's position is clearly correct as a matter of law, we GRANT the government's motion for summary affirmance.  *See Davis*, 406 F.2d at 1162.  Accordingly, we DENY the government's motion to stay the briefing schedule as moot.