[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-11740

Non-Argument Calendar

————————————————

MARCELLUS HENDERSON,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket Nos. 1:20-cv-01695-LMM,
1:03-cr-00648-LMM-GGB-1

————————————————

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

This appeal originally came before us when Marcellus Henderson, a federal prisoner represented by counsel, appealed the district court's denial of his authorized, successive 28 U.S.C. § 2255 motion to vacate. The district court, after denying the motion, granted a certificate of appealability ("COA") on whether Henderson's conviction for aiding and abetting attempted bank robbery resulting in death, in violation of 18 U.S.C. §§ 2113(a), (d), and (e), is a crime of violence under 18 U.S.C. § 924(c)(3)(A).

On appeal, Henderson argued that his motion should have been granted because attempted bank robbery resulting in death is not a crime of violence under § 924(c)'s elements clause, particularly in light of *United States v. Taylor*, 596 U.S. 845 (2022). Henderson also argued that aiding and abetting attempted bank robbery resulting in death is not a crime of violence because an aider and abettor need not participate in every element a principal participates in.

On February 9, 2023, we affirmed (in an unpublished decision) the district court's order denying Henderson's motion to vacate, reiterating that bank robbery convictions under § 2113(a) and armed bank robbery convictions under § 2113(a) and (d) qualify as "crimes of violence" under § 924(c)'s elements clause. Henderson subsequently filed petitions for panel rehearing and for rehearing *en banc*. In light of *United States v. Armstrong*, No. 21-11252, which

was pending before this Court at that time, we vacated the panel opinion, denied the petitions for rehearing as moot, and held this case in abeyance pending resolution of *Armstrong*.

This Court has now issued its published decision in *United States v. Armstrong*, 122 F.4th 1278 (11th Cir. 2024), and the mandate issue on March 11, 2025. Having vacated our earlier panel opinion, we now substitute this opinion in its place.

## I.    LEGAL BACKGROUND

Section 924(c) of Title 18 of the U.S. Code provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence or a drug-trafficking crime. 18 U.S.C. § 924(c)(1). Section 924(c) defines a "crime of violence" as a felony offense that:

> (A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3)(A), (B). Section 924(c)(3)(A) is known as the "elements clause," while § 924(c)(3)(B) is known as the "residual clause." *See, e.g.*, *Thompson v. United States*, 924 F.3d 1153, 1155 (11th Cir. 2019).

In *United States v. Davis*, the Supreme Court invalidated the residual clause in § 924(c)(3)(B) as unconstitutionally vague. 588

U.S. 445, 470 (2019).  Therefore, post-*Davis*, an offense can only qualify as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.*

Section 2113 of Title 18 of the U.S. Code, known as the federal bank robbery statute, states, in relevant part:

> (a)    Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny–
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

(d)     Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

(e)     Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment.

18 U.S.C. § 2113(a), (d), and (e). We have referred to § 2113(a) as a "lesser-included offense" of § 2113(d). *See, e.g.*, *United States v. Methvin*, 441 F.2d 584, 585 (5th Cir. 1971); *United States v. Mitchell*, 146 F.3d 1338, 1344 (11th Cir. 1998).

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2003, Marcellus Henderson and Terron Vernon (and possibly others) forcibly entered a Bank of America in Roswell, Georgia and attempted to rob the bank. The robbers tried to get an employee, Angela Towle, to open the bank's vault, but Towle was unable to do so. The robbers then shot Towle to death, fleeing with her purse, credit cards, and identification. A

6                    Opinion of the Court                    21-11740

representative from Bank of America later reported that no funds were taken from the bank.

On October 5, 2004, a federal grand jury returned a superseding indictment charging Henderson and Vernon with three counts. Count One charged Henderson and Vernon with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. Count Two charged Henderson and Vernon with aiding and abetting attempted bank robbery resulting in death, in violation of 18 U.S.C. § 2113(a), (d), and (e).[1] Count Three charged Henderson and Vernon with using and carrying firearms during and in relation to a "crime of violence"—namely, "the attempted bank robbery described in Count Two"—causing the death of a person through the use of firearms, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii), and 924(j)(1).[2] On February 17, 2006, a jury found Henderson guilty of all three counts. The district court sentenced Henderson to a term of twenty years on Count One, life on Count Two, and ten years on Count Three, with the terms of imprisonment for Counts One

---

[1] Count Two alleged that Henderson and Vernon, "aided and abetted by each other, . . . did by intimidation and by force and violence, knowingly and willfully attempt to" commit bank robbery, "and in committing said offense did assault and put in jeopardy the life of [an] employee by use of a . . . handgun, and did kill the employee."

[2] Count Three alleged that Henderson and Vernon, "aided and abetted by each other, . . . during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, the attempted bank robbery described in Count Two above, did knowingly use and carry firearms, and during the course of said attempted bank robbery did cause the death of a person through the use of firearms."

and Two running concurrently, and the term of imprisonment for Count Three running consecutively, for a total sentence of "Life plus 10 years imprisonment."

Henderson filed a direct appeal of his convictions and sentences, which we denied. He then filed several § 2255 motions, which were all either dismissed or denied. On January 6, 2020, Henderson filed an application for leave to file a second or successive motion to vacate under 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h), arguing that his § 924(c) conviction was unconstitutional in light of the Supreme Court's recent decision in *Davis*, since "aiding [and] abetting can be accomplished in ways that do not require the use, attempted use, or threatened use of physical force of violence against a person or property." He also argued that there was a "chance" that his § 924(c) conviction "rested on the now-void residual clause of [§] 924(c)." Because Henderson had "made a *prima facie* showing of the existence of at least one of the grounds set forth" in § 2255(h),[3] we granted his application for leave to file a second or successive motion to vacate.

---

[3] A second or successive motion to vacate, set aside, or correct a federal sentence can only be granted if a "panel of the appropriate court of appeals" certifies that the second or successive motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h).

Henderson returned to the district court and filed a *pro se* §
2255 motion, which the district court summarily denied.  About a
month later, however, the district court *sua sponte* vacated its previ-
ous order denying Henderson's motion to vacate.  The district
court noted, on second thought, that it had been "unable to locate
any precedent that addresses the precise question of whether aid-
ing and abetting an attempt crime would satisfy § 924(c)'s definition
of a 'crime of violence' as found in the elements clause" of § 924(c).
Given the "novelty and complexity" of the issues presented, the dis-
trict court appointed the Federal Public Defender's Office to repre-
sent Henderson.  Henderson then filed a counseled § 2255 motion,
arguing once again that the predicate "crime of aiding and abetting
attempted robbery resulting in death is no longer a crime of vio-
lence in light of *Davis*," such that Henderson's conviction and sen-
tence under § 924(c) "must evaporate."  On March 16, 2021, the
district court denied that motion.  The district court granted a COA
on the issue of whether Henderson's conviction for aiding and
abetting attempted bank robbery resulting in death qualifies as a
crime of violence under § 924(c), and this appeal followed.

## III.    STANDARD OF REVIEW

When reviewing a district court's denial of a § 2255 motion,
we review questions of law *de novo* and factual findings for clear
error.  *Steiner v. United States*, 940 F.3d 1282, 1288 (11th Cir. 2019).
Whether a particular conviction is a crime of violence under
§ 924(c) is a question of law and is reviewed *de novo*.  *Id.*  The scope
of our review of an unsuccessful § 2255 motion is limited to the

issues enumerated in the COA. *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

## IV. ANALYSIS

The question presented in this appeal is whether the predicate crime of aiding and abetting an attempted bank robbery resulting in a shooting death, in violation of § 2113(a), (d), and (e), is a crime of violence under the elements clause, § 924(c)(3)(A). Based on our decision in *Armstrong*, the answer is yes.

The Supreme Court has established a "categorial approach" to determine whether a predicate offense is a "crime of violence" under the elements clause. *Alvarado-Linares v. United States*, 44 F.4th 1334, 1342 (11th Cir. 2022). "Under that approach, we do not examine the defendant's actual conduct. Instead, we ask whether the offense in question 'always' involves the use, attempted use, or threatened use of force. If the offense can be committed without the use, attempted use, or threatened use of force, it is not a crime of violence under the elements clause." *Delligatti v. United States*, 604 U.S. ----, 145 S.Ct. 797, 803 (2025). However, when a statute is divisible—meaning that it defines multiple potential crimes—we instead apply a "modified categorical approach." *Alvarado-Linares*, 44 F.4th at 1342. Under the modified categorical approach, "we may look beyond the elements of the predicate offense to a limited class of documents—including the indictment, jury instructions, plea agreement, and plea colloquy—to determine which specific crime, with which elements, a defendant was convicted of." *Id.*

In 2016, this Court held that a bank robbery conviction under § 2113(a) qualified as a "crime of violence" under § 924(c)'s elements clause because a "taking 'by force and violence' entails the use of physical force," and "a taking 'by intimidation' involves the threat to use such force." *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) (quoting *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016)). That same year, we also held that a conviction for armed bank robbery under § 2113(a) and (d) qualified as a crime of violence under the elements clause. *In re Hines*, 824 F.3d 1334, 1336–37 (11th Cir. 2016).

In 2022, the Supreme Court issued its opinion in *Taylor*, resolving a circuit split and holding that attempted Hobbs Act robbery does *not* qualify as a predicate crime of violence under § 924(c)'s elements clause. 122 F.4th at 850–52. At the outset, the Court noted that, under the categorical approach, the facts of a particular defendant's case are immaterial because the "only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Id.* at 850. The Court explained that, to prove attempted Hobbs Act robbery, the government must show that the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and that the defendant completed a "substantial step" toward that end. *Id.* at 851. But, while the government has to show that the defendant took an "unequivocal" and "significant" step towards committing robbery, the government need not show that the defendant actually used, attempted to use,

or even threatened to use force, as required by § 924(c). *Id*. The Court stressed that "an *intention* to take property by force or threat, along with a substantial step toward achieving that object, . . . is just that, no more." *Id* (emphasis added). Therefore, the Court concluded that attempted Hobbs Act robbery was not a crime of violence under the text of § 924(c)(3)(A). *Id*. at 852.

After the Supreme Court handed down its decision in *Taylor*, we reissued our opinion in *Armstrong*. In that case, the defendant appealed his convictions for three counts of brandishing a firearm during and in relation to a crime of violence, in violation of § 924(c)(1)(A)(ii). *Armstrong*, 122 F.4th at 1281. Armstrong argued that his convictions and sentences under § 924(c) were invalid because the predicate offenses underlying all three of those charges—violations of § 2113(a)—could be committed without violence, thereby rendering the "crime of violence" definition unconstitutionally vague. *Id*. at 1282. Armstrong posited that, if Hobbs Act robbery cannot be a predicate offense for a § 924(c) conviction, the same must be true with respect to the federal bank robbery statute. *Id*. at 1282. Because *Davis* rejected a categorical approach to assessing crimes under the residual clause, Armstrong reasoned, we should likewise reject the same categorical approach to the elements clause. Armstrong also argued that *Davis* abrogated this Court's decision in *Sams*. *Id*.

We disagreed. Based on the text, structure, and statutory history of the bank robbery statute, we held that bank robbery under § 2113(a) was distinguishable from Hobbs Act robbery because

§ 2113(a) is divisible as to bank robbery and bank extortion. *Id*. at 1284–88. That is, the statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id*. at 1285 (quoting *Mathis v. United States*, 579 U.S. 500, 505 (2016)). Armstrong was convicted of bank robbery, not bank extortion. *Id*. at 1288. After reviewing the terms of Armstrong's indictment, plea agreement, and plea colloquy under the modified categorical approach, we held that bank robbery in violation of § 2113(a) is a crime of violence. *Id*.

As relevant here, we also held that *Taylor* did not abrogate our prior cases holding that both attempted bank robbery and aiding and abetting attempted bank robbery are crimes of violence—even when committed through intimidation.[4] *Id*. at 1288–91. Under the *Taylor* framework, aiding and abetting an attempted bank robbery is a crime of violence because it requires proof that the defendant used, attempted to use, or threatened to use force. *Id*. at 1288–89 (citing *Taylor*, 596 U.S. at 852).

As an initial matter, we set aside the "aiding and abetting" qualifier, *id*. at 1288, because aiding and abetting "is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense," *Alvarado-Linares*, 44 F.4th at 1348. We then concluded that an attempt charge under § 2113(a)—unlike under § 1951—requires force, violence, or intimidation. *Armstrong*, 122 F.4th at 1290. Because Congress chose to criminalize only attempts

---

[4] Judge Jordan dissented from this aspect of the opinion. *See Armstrong*, 122 F.4th at 1291–96 (Jordan, J., concurring in part and dissenting in part).

that occur "by force and violence, or by intimidation," *see* § 2113(a), a criminal *cannot* commit an attempted § 2113(a) robbery without actually using force or violence, *see Armstrong*, 122 F.4th at 1290; *cf. In re Sams*, 830 F.3d at 1239 (agreeing with the Fourth Circuit that "[b]ank robbery under § 2113(a), 'by intimidation,' requires the threatened use of physical force"); *United States v. Kelley*, 412 F.3d 1240, 1244 (11th Cir. 2005) ("Under section 2113(a), 'intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts.'" (quoting *United States v. Cornillie*, 92 F.3d 1108, 1110 (11th Cir. 1996))).  In sum, aiding and abetting an attempted bank robbery under § 2113(a) is a crime of violence because it requires that the government prove, as an element of the offense, the use, attempted use, or threatened use of force.

Because Henderson's offense under § 2113(a) satisfies the elements clause, we conclude that his § 924(c) conviction was based on a valid predicate offense.  Therefore, we need not determine whether § 2113(d) and (e) independently qualify as crimes of violence.[5]

---

[5] That said, this Court has held that the "statutory elements" of "§ 2113 (a) *and* (d) . . . . clearly meet § 924(c)(3)(A)'s requirement that the underlying felony offense must have 'as an element the use, attempted use, or threatened use of physical force against the person or property of another.'"  *In re Hines*, 824 F.3d at 1337 (emphasis added); *see also id.* ("[A] conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A).").  In *Armstrong*, we clarified that "*Taylor* did not abrogate our prior cases holding that both bank robbery and aiding and abetting bank robbery are 'crimes of violence.'"  122 F.4th at 1288.  Likewise here, there is

14                  Opinion of the Court                  21-11740

For these reasons, we conclude that the district court did not err in denying Henderson's motion to vacate.

**AFFIRMED.**

---

nothing in *Taylor* suggesting the abrogation of our reasoning and conclusion in *Hines*.  Thus, *Hines* still controls.  *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*.").